IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID GREENE,

    PLAINTIFF,

v.                                              CIVIL ACTION NO.

RESTAURANT EQUIPMENT
MAINTENANCE CORPORATION,

    DEFENDANT.                          JURY TRIAL DEMANDED

## COMPLAINT

**I.   JURISDICTION**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

**II.   PARTIES**

2.   Plaintiff, David Greene, (hereinafter "Plaintiff") is a resident of Warrior, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus

1

pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3. Defendant Restaurant Equipment Maintenance Corporation (hereinafter "Defendant") is a company registered and doing business in the State of Alabama. Therefore, this Court has personal jurisdiction over Defendant. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III. STATEMENT OF FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. Defendant hired Plaintiff on June 8, 2008, as a technician.

6. At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

7. Plaintiff's job duties included cleaning and servicing equipment; service calls; helping on installs; performing on-call work during the week and weekends on a rotating basis; and obtaining parts needed.

8. Defendant operates an HVAC/refrigeration business.

9. Plaintiff's last hourly rate of pay was $20 per hour.

10. Throughout the course of Plaintiff's employment, he regularly worked over forty hours in a work week.

IV.   **COUNT ONE – FLSA – Overtime Violations**

11.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-10 above.

12.   From July 2012 until June 2014, Defendant assigned Plaintiff to its central division, which included Birmingham, Oxford and Cullman.

13.   At all times during the employment relationship, Plaintiff did not hold a CDL license, create log books as required by the D.O.T., or have to pass a D.O.T. physical.

14.   Plaintiff regularly drove a vehicle, a van weighing under 10,000 pounds.

15.   Defendant is not a common carrier, instead performing HVAC repairs, maintenance and installs.

16.   From June 2014 through November 2014, Defendant assigned Plaintiff to its Huntsville division, until he was reassigned back to the Birmingham division where he completed his employment from November 2014 until June 2015.

17.   Defendant assigned Plaintiff a company van which he drove from his home to the job sites where he would receive dispatch orders the day before.

18.   On an occasional basis, varying anywhere from several times per week to once a month, Defendant required Plaintiff to go to the facility of the central division, which was located approximately forty minutes from Plaintiff's home.

19. During the time Defendant assigned Plaintiff to its Huntsville division, Defendant's facility was located approximately ninety minutes from Plaintiff's home.

20. On more than one occasion, Defendant dispatched Plaintiff to drive approximately three and a half hours to Nashville. On other occasions, Defendant required Plaintiff to drive to Montgomery and to Huntsville, even though Defendant had not assigned Plaintiff to that division.

21. Plaintiff's shortest commute was to Gardendale, approximately 15 minutes from his home.

22. Prior to December 2012, Defendant paid Plaintiff and similarly situated co-workers for travel time from their home only after 45 minutes, and only for travel from the last job performed for the day after 45 minutes of commute from that job back towards Plaintiff's home.

23. Commencing December 2012, Defendant had Plaintiff and similarly situated co-workers sign a form extending the commute time before they would be paid for travel from 45 minutes to one hour and 15 minutes.

24. Defendant's form gave as an example that if Plaintiff drove an hour and 45 minutes commute, then he would be paid for half an hour, the difference between an hour and 45 minutes and an hour and 15 minutes.

25. The form also stated that travel time for on-call weekends and after-hour calls would adhere to the same deductions for commute time.

26. Defendant willfully and intentionally violated the FLSA by failing to pay Plaintiff for all hours beyond a normal commute. During the three years preceding the filing of this complaint, Plaintiff's closest dispatched location was 15 minutes, which should have been the time deducted as a normal commute regardless of where the first job started.

27. All travel time engaged in by Plaintiff when dispatched to a distant location was for the benefit of Defendant, and Defendant did not compensate Plaintiff for this travel time beyond a reasonable commute to the first job assigned for the day and back home from the last job assigned for the day.

28. Such actions by Defendant willfully and intentionally violated the FLSA by failing to pay Plaintiff one and one half times his regular hourly rate of pay for all hours worked in excess of forty in a work week.

29. Defendant only paid Plaintiff for work he performed from arrival at a job site to departure from a job site for on-call work, other than as set forth in the agreement signed by Plaintiff dated December 2012.

30. Defendant willfully and intentionally violated the FLSA by failing to pay Plaintiff from the time Plaintiff left his house until the time he returned to his hours for after hours on-call work in violation of the FLSA.

31. Plaintiff noted on his worksheets when he took a lunch of at least thirty minutes. Despite this, Defendant regularly deducted thirty minutes for an unpaid meal break when Plaintiff had not noted that a lunch had been taken.

32. Defendant's actions in automatically deducting thirty minutes for an unpaid meal break from hours shown worked by Plaintiff without verifying that Plaintiff had actually taken a 30-minute, uninterrupted meal break was a willful and intentional violation of the FLSA.

33. On occasion, Defendant required Plaintiff to notify dispatch when he had traveled more than an hour and 15 minutes on a dispatched job. Defendant required Plaintiff to call dispatch when he was still many miles from his home so that his hours for that work day could be stopped so that Defendant would not have to pay Plaintiff for hours spent traveling over an hour and 15 minutes.

34. Defendant's actions in failing to pay Plaintiff for all hours worked by Plaintiff in excess of forty in a work week for travel time by cutting off his hours at a location far removed from his home was a willful and intentional violation of the FLSA.

35. Plaintiff discovered that from time to time, Defendant would cut 15 minutes or more for hours Plaintiff had shown working on particular jobs in order to avoid paying Plaintiff overtime pay in violation of the FLSA.

36. Defendant's multiple violations of the FLSA show willful and intentional misconduct and intent to violate the FLSA.

37. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B. This Court award Plaintiff the amount of her back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D. For such other and further relief as this Court deems equitable, proper and just.

_____
David R. Arendall

_____
Allen D. Arnold

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
205.252.1550 – Office
205.252.1556 – Facsimile

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.

_____
Of Counsel

**SERVE DEFENDANT AT:**

Restaurant Equipment Maintenance Corporation
c/o Agent for Service of Process
Richard Thomas Gory
Citation Court Bldg A, Suite 135
Birmingham, AL 35209