FILED
2015 Dec-28  AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:15-CV-01286-RDP |
| RESTAURANT EQUIPMENT ) | |
| MAINTENANCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE**

Plaintiff David Greene ("Plaintiff" or "Greene") and Defendant Restaurant Equipment Maintenance Corporation ("Defendant" or "REMCO"), (collectively, the "Parties") jointly move the Court for an order approving the settlement agreement between the Parties in the above-styled action. As grounds for their motion, the Parties state as follows:

**I.   INTRODUCTION**

1. The Parties seek approval of the terms of a settlement of Plaintiff's claims for unpaid overtime, as well as approval of the separately negotiated attorneys' fees and costs to be paid to Plaintiff's counsel under the settlement.

**II.   BACKGROUND**

2. On July 30, 2015, Plaintiff filed a one count Complaint, alleging a claim for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq* (the "FLSA"). (Doc. 1) Specifically, Plaintiff alleged that he was not paid for travel time, improper deductions were taken for meal breaks, and his time was cut in order to avoid paying overtime.

1

3.     On October 21, 2015, Defendant filed its Answer and Affirmative Defenses and denied the allegations in Plaintiff's Complaint. (Doc. 13)

4.     Defendant disputes that Plaintiff was not properly paid for overtime, that improper deductions were taken for meal breaks, and that Plaintiff's time was cut in order to avoid paying overtime. Defendant also disputes that it was required to pay Plaintiff for commute time under the Portal-to-Portal Act, the FLSA and accompanying regulations.

5.     After an informal exchange of discovery, the Parties engaged in substantial negotiations and subsequently reached a settlement.  **The terms of that settlement are contained in a document entitled Declaration and Release of Claims Under the Fair Labor Standards Act (the "Agreement") which the Parties are providing to the Court under separate submission due to the confidentiality of the Agreement.**

6.     The Parties stipulate and agree that the terms of this settlement set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.

### III.     GOVERNING LEGAL STANDARD

7.     In the Eleventh Circuit, judicial review and approval of a FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).  Before approving a FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  In determining whether the settlement is fair and reasonable, the court should consider the following:

    (1)    the existence of fraud or collusion behind the settlement;
    (2)    the complexity, expense, and likely duration of the litigation;
    (3)    the stage of the proceedings and the amount of discovery completed;
    (4)    the probability of success on the merits;
    (5)    the range of possible recovery; and
    (6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dodd v. Schneider Nat'l Carriers, Inc.*, 2014 WL 4792248, at *2 (N.D. Ala. Sept. 24, 2014); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010). Furthermore, in reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

    **A.**    **There is No Indication of Fraud or Collusion**

    8.    The settlement reached in this Action is not the production of fraud or collusion; rather, it arises out of an adversarial proceeding in which both parties were zealously represented by counsel. *See Lynn's Food*, 679 F.2d at 1354 (noting that employees in an adversarial proceeding are "likely to be represented by an attorney who can protect their rights under the statute").

    9.    Furthermore, the payments to Plaintiff to settle his claim for alleged unpaid overtime compensation are fair, reasonable and adequate. These payments take into account the likelihood of success and the amount that Plaintiff might recover if he prevailed on his claim following trial.

    **B.**    **The Complexity, Expense, and Expected Duration of Continued Litigation Militate in Favor of This Settlement**

    10.    Absent settlement, litigation of Plaintiff's claims through summary judgment and possible trial will consume the resources of the Parties and the Court in an amount disproportionate to the potential value of the claim. The Parties continue to disagree over the

merits of Plaintiff's claim and the amount, if any, that he is owed. Specifically, Defendant contends that Plaintiff was properly compensated for all hours worked and overtime. The Parties agree that the outcome of the case is uncertain and that if this matter were to be litigated to an award by a jury, all Parties would be forced to engage in costly, protracted litigation. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

### C. The Parties Are In a Position to Make an Informed Decision

11. There has been sufficient investigation and exchange of information and documents to enable counsel for the Parties to reasonably and adequately assess the claims and defenses in this case.

### D. The Parties Have Carefully Assessed the Probability of Success on the Merits

12. As discussed above, the Parties have engaged in extensive discussion regarding the merits of the case up to this point in the litigation. Based on this fact, the Parties have sufficient information to enable them to make an informed analysis and assessment of this case, and to make an educated decision as to the potential value of Plaintiff's FLSA claim and the Parties' likelihood of success on the merits.

### E. The Range of Possible Recovery Shows Settlement is Reasonable and Adequate

13. If this case were to proceed to summary judgment and potentially trial, additional discovery, including the taking of more depositions, would need to be conducted. In light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of this *bona fide* dispute.

### F. The Opinions of Counsel

14. Counsel for both Parties have agreed that this is a fair and reasonable outcome for their respective clients. Additionally, Plaintiff's potential for success on the merits is uncertain, and he has determined with the assistance of counsel that the Parties' settlement is fair and reasonable.

WHEREFORE, Plaintiff David Greene and Defendant Restaurant Equipment Maintenance Corporation respectfully request that the Court enter an Order:

A. Approving the settlement of this case based on the terms set forth in the Parties' Declaration and Release of Claims Under the Fair Labor Standards Act, which shall be provided to the Court under separate submission;

B. Retaining Jurisdiction to Enforce the Terms of the Settlement Agreement;

C. Dismissing this case with prejudice, with each Party to bear its own costs, except as otherwise set forth in the Declaration and Release of Claims Under the Fair Labor Standards Act.

Respectfully submitted December 28, 2015

/s/ Allen D. Arnold
_____
Allen D. Arnold
Arendall & Arnold
2018 Morris Avenue, Third Floor
Birmingham, AL  35203
205.252.1550 – Office
205.252.1556 – Facsimile
ada@arendalllaw.com
Attorney for Plaintiff:
David Greene

/s/ N. DeWayne Pope
_____
N. DeWayne Pope
DeWayne Pope, LLC
2100 First Avenue North
Birmingham, AL 35203
205.328.9445 - Office
800.856.9028 - Facsimile
dewayne@dewaynepopellc.com
Attorney for Defendant:
Restaurant Equipment Maintenance Corp.